PHILLIP C. SPRINGBITT and ELIZABETH HERMANN, Petitioners, v. FRANCIS T. MONAGHAN, JAMES E. CASSIDY, MARY E. MONAGHAN, LILLIAN M. MONAGHAN, JOHN J. MONAGHAN COMPANY, a Corporation of the State of Delaware, HOWARD VERNON and CLAUDE BRYANT, Defendants.

(*December* 13, 1946.)

SPEAKMAN and PEARSON, J. J., sitting.

*Walter J. Willis, James R. Morford* and *Thomas Cooch* for petitioners.

*Reuben Satterthwaite, Jr., Leonard G. Hagner* and *William S. Satterthwaite* for Francis T. Monaghan, James E. Cassidy, Lillian M. Monaghan and John J. Monaghan Company, Defendants.

*George Gray Thouron* for Mary E. Monaghan, Defendant.

*Thomas Herlihy, Jr.,* and *Morris Cohen* for Howard Vernon and Claude Bryant, defendants.

Superior Court for New Castle County, No. 189, November Term, 1945.

PEARSON, J., delivering the opinion of the Court.

Petitioners brought this action to recover a judgment in ejectment with respect to two tracts of land. A decision upon the motions now before the court requires a construction of the will of one Daniel Springbitt. Without detailing the steps in the asserted titles and rights to possession of

the respective parties, it is sufficient to say that if, as petitioners contend, the will be construed as a gift to the testator's adopted son William of only a life estate in the land (with a remainder to William's children), then the motions should be decided in petitioners' favor; but if, as defendants contend, the will be construed as a gift of an estate in fee tail, the motions should be decided in defendants' favor. The following extracts from the will include all portions relied on by any of the parties:

"* * * And as to such worldly estate as it hath pleased God to entrust me with I dispose of the same as follows: * * *

"Second:. I will devise and bequeath to my dear wife Jane Springbitt, all the real estate that I may die possessed of wheresoever situate together with my household and kitchen furniture to have and to hold the same to her for, during and to the full end and term of her natural life.

"Third: As soon after my decease as may be advantageous I will and direct that my Executor shall dispose of at public or private sale all the rest and residue of my personal estate, and the money arising therefrom I direct to be invested in some safe investment well secured paying at least six per cent interest, and the interest accruing therefrom I will and bequeath to my said wife, to be paid to her for, during and to the full end and term of her natural life.

"Fourth: From and after the death of my said wife, I will devise and bequeath to my adopted son, who goes by the name of William I. Springbitt and has been brought up and raised by me all my real estate, household and kitchen furniture, and the interest accruing from the investments before directed to be made, to have and to hold to him for, during and to the full end and term of his natural life and at his decease to the heirs of his body lawfully begotten.

"Fifth: Should my said adopted son William I. Spring-bitt die without lawful heirs of his body before or after the decease of my said wife, then the property that I may die possessed of both real and personal shall be distributed and governed by the Statute law of the State of Delaware, touching intestate estates, that is to say it shall be distributed among my heirs at law as provided by said Statute."

The testator died in 1880 survived by his wife, Jane, and by William. In 1886, they joined as grantors in a deed to lands left by the testator, and petitioners do not dispute that, if the estate which William received under the will was in fee tail, the deed was sufficient to dock the entail (by virtue of *Rev. Code of Del.*, 1874, p. 507). Defendants, except the one disclaiming any interest in the land, claim under the grantee in this deed. Petitioners claim as the holders of all interests of William's children, "the lawfully begotten heirs of his body," living at his death which occurred in 1928.

■ ■ Now, the testator devised all his real estate (subject to a gift to his wife for life) to William "to have and to hold to him for, during and to the full end and term of his natural life and at his decease to the heirs of his body lawfully begotten." These limitations seem to us typical of the kind to which the Rule in Shelley's Case (1 Coke 104) is applicable, in that William is given a life estate in land and by the same instrument, an interest of the same legal character is given to the "heirs of his body," these last words being presumed to have been used in a technical sense to denote persons who take by descent from the life tenant. *Farrell v. Faries*, (*Del.*) 22 A. 2d 380, (see also same case, *Del. Ch.* 17 A. 2d 17). We find nothing in the will sufficient to overcome that presumption. The circumstances that the limitations to William indicate an intent to give him an estate for his life is characteristic of American cases to which the

Rule in Shelley's Case has been applied. Compare: 3 *Restatement of Property*, § 312, *Special Note* p. 1741. That the limitations relate to both real and personal property does not prevent the operation of the Rule with respect to the realty. *Roach v. Martin's Lessee*, 1 *Harr.* 548, 28 *Am. Dec.* 746. The condition and gift over in Item Fifth, "Should * * * William * * * die without lawful heirs of his body before or after the decease of [testator's] * * * wife," is, in our view, consistent, rather than in conflict, with the presumption. Petitioners' arguments do not seem to take fully into account that the Rule in Shelley's Case is a highly arbitrary rule of law; and that in most instances where the Rule is applicable, what is presumed to have been a testator's intent in using the magic words "heirs" or "heirs of his body" is presumed with full knowledge that, in all probability, such was not his actual intent at all. From a consideration of the entire will, we feel constrained to indulge in this artificial presumption and to apply the Rule.

Accordingly, we hold that the gift to William was an estate in fee tail in the testator's lands. It follows that petitioners have failed to show a right to recover.

Petitioners' motion should be denied and defendants' motions granted.